VIRGIL D. DUTT, Appellant, v. BLANCHE
DUVALL, Respondent.

No. 11068

May 15, 1981                    628 P.2d 298

*Paul J. Williams,* Reno, for Appellant.

*Fran Archuleta,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Virgil Dutt is the assignee of a garage construction contract between Storey Improvement Company (Storey) and respondent Blanche Duvall. The original contract price was $2,800, with a down payment of $300 by Duvall, and the balance to be financed.

After a trial before the court, the district judge found that Storey, as part financing, had borrowed $1,900 from the Nevada National Bank, that it proceeded to construct the garage and did so in a workman-like manner, and that the garage was constructed according to the contract between the parties. A lien of $1,045 was placed on the property by the lumber supplier because Storey had failed to pay for the lumber and respondent was required to satisfy the lien.

The district court determined that the respondent owed a balance of $1,754.11 on the contract. However, judgment was entered denying recovery to either party because Storey had defaulted on repayment of the $1,900 to the bank and rather than pursue the matter, the bank had "written off" the loan.

The district court reasoned, as a matter of law, that Storey had the benefit of the $1,900 and therefore was not entitled to compensation under the contract. This was error. Storey had satisfactorily completed the garage, and was entitled to receive the balance due under the contract, minus the amount paid by respondent to remove the materialman's lien. The decision of the bank to forego collection on the balance due on the loan to Storey does not, as a matter of law, affect Storey's right to recover the amount due to it under the contract. Fuller v. United Electric Co., 70 Nev. 448, 273 P.2d 136 (1954).

The matter is reversed and remanded for the limited purpose of allowing the district court to enter a judgment for $1,754.11, plus interest, in favor of appellant and against respondent. In all other respects the judgment of the district court is affirmed.